# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

TROY CLANTON, ROSE RABON, )
and SOUTH START SERVICES, INC., )
                                          )
          Plaintiffs, )
v.                                  )    Case No. CIV-13-717-M
                                          )
CHRIS BROGDON, )
CONNIE BROGDON, )
KENMETAL, LLC, )
SENIOR NH, LLC, )
BAN NH, LLC, )
LIVING CENTER, LLC, )
OAK LAKE, LLC, )
ADCARE OKLAHOMA )
MANAGEMENT, LLC, )
ADCARE HEALTH SYSTEMS, INC., )
ADCARE HOLDINGS, LLC,[1] and )
BOYD GENTRY, )
                                          )
          Defendants. )

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Fraud Claims and Brief in Support ("Motion to Dismiss"), filed July 26, 2013. On August 16, 2013, plaintiffs filed their response, and on August 26, 2013, defendants filed their reply. Based on the parties' submissions the Court makes its determination.

Plaintiffs allege that on around July 4, 2009, defendant Chris Brogdon ("Brogdon") proposed an agreement between himself and plaintiff Troy Clanton ("Clanton"). Brogden wanted Clanton and plaintiff Rose Rabon ("Rabon") to assist him in locating and purchasing nursing

---

[1] The parties acknowledge that Adcare Holdings, LLC, does not exist. Defendants' Motion to Dismiss Plaintiffs' Fraud Claims and Brief in Support ("Motion to Dismiss") [docket no. 8] and Plaintiffs' Response to Defendants' Motion to Dismiss [docket no. 21].

homes in Oklahoma.[2] In return for Clanton and Rabon's assistance, Brogdon would agree to give plaintiff South Start Services, Inc. ("SSSI") the management contracts for the homes. Notice of Petition at ¶ 22. Clanton and Rabon located two portfolios of homes, each consisting of five nursing homes, which were known as the Blue Dolphin portfolio and the Harty portfolio. Clanton and Rabon also located two independent nursing homes, Quail Creek and Companion Specialized Health Care. Brogden acquired the Blue Dolphin portfolio through five newly formed LLCs[3]. A Certificate of Need Application[4] completed by Clanton and Rabon for the Blue Dolphin homes contained a management agreement between each newly formed LLC and SSSI, which stated that SSSI would manage the homes. Petition at ¶ 29. On or about July 13, 2011, Brogden notified plaintiffs that he would not be honoring the management contracts and that Adcare would be purchasing the nursing facilities.

Defendants now move, pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), to dismiss count 5 of plaintiffs' Complaint[5]. Specifically, defendants request this Court dismiss plaintiffs' fraud claim because plaintiffs have not alleged with any specificity what the

---

[2] At the time of the events in this action, Brogdon was an equity holder in defendant Adcare Health Systems, Inc. and served as Adcare's Chief Acquisition Officer for the acquisition of nursing homes. He also owned a number of nursing homes personally or through entities controlled by him. Petition at ¶ 19.

[3] These LLCs, which were managed by Brogden's wife, defendant Connie Brogdon, are defendants Kenmetal, LLC, Senior NH, LLC, Ban NH, LLC, Living Center, LLC, and Oak Lake, LLC.

[4] A Certificate of Need Application is a regulatory application through the Oklahoma Department of Health, which was required to transfer the nursing homes.

[5] Plaintiffs' initial pleading was captioned Petition, but since this case has been removed to this Court from the Oklahoma County District Court, State of Oklahoma, it will now be referred to as Complaint.

fraud purports to be. Plaintiffs request the Court grant them leave to file an Amended Complaint, if the first Complaint is found to be insufficiently pled.

Having carefully reviewed the parties' submissions, the Court finds that in the interest of justice, plaintiffs should be granted leave to file an Amended Complaint in order to specifically allege facts to meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)[6]. Accordingly, the Court GRANTS plaintiffs leave to file an Amended Complaint that more specifically alleges facts regarding their fraud claim in order to meet the heightened pleading standards set forth in Rule 9(b). Said Amended Complaint shall be filed within fourteen (14) days of this Order.

**IT IS SO ORDERED this 21st day of February, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Federal Rule of Civil Procedure 9(b) states:
> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).